IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **KARLY R. CAHILL,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**OFFICE OF THE EXECUTIVE SECRETARY OF THE SUPREME COURT OF THE COMMONWEALTH OF VIRGINIA,**<br><br>        **Defendant.** | Civil Action No. 2:19-cv-00393-AWA-LRL |

**ANSWER AND GROUNDS OF DEFENSE TO COMPLAINT**

The Defendant, Office of the Executive Secretary of the Supreme Court of the Commonwealth of Virginia ("OES" or "Defendant"), by counsel, submits its Answer and Grounds of Defense to the Complaint filed by the plaintiff, Karly R. Cahill ("Plaintiff" or "Cahill").

To the extent a response is required to Plaintiff's introductory paragraph, Defendant states that, at all times herein, it acted lawfully and appropriately. OES also specifically denies that Plaintiff: (a) was subjected to a sexually hostile work environment when she was working as a judicial magistrate in Virginia Beach, Virginia or (b) was fired in retaliation for exercising her rights under Title VII. OES further denies that Cahill is entitled to any relief based on the allegations in the Complaint.

The Complaint contains various headings and subtitles. To the extent these headings and subtitles are deemed to allege any facts, they are denied.

1. In response to the allegations in Paragraph 1, Defendant admits, upon information and belief, that Plaintiff is a resident and/or domiciliary of the Commonwealth of Virginia. Defendant further admits that Plaintiff was employed by OES as a magistrate from June 25, 2016 until her employment was terminated on May 2, 2018. Defendant further states that Cahill was sworn in as a magistrate to serve in the Virginia Beach Magistrates' Office on July 24, 2016.

2. Defendant states that the allegations of Paragraph 2 are conclusions of law to which no response is required. To the extent a response is required, OES admits that it employed the Plaintiff as a magistrate from June 25, 2016 until the termination of her employment on May 2, 2018. OES also states that magistrates served at the pleasure of the Executive Secretary. Any remaining allegations in Paragraph 2 are denied.

3. The allegations of Paragraph 3 are conclusions of law to which no response is required. To the extent a response is required, OES states that the Court has jurisdiction over claims brought pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

4. In response to the allegations in Paragraph 4, Defendant denies that Plaintiff filed a Charge of Discrimination with the United States Equal Employment Commission ("EEOC") against OES, the named Defendant in this action. Defendant states that, upon information and belief, Cahill filed a Charge of Discrimination with the EEOC against the "Commonwealth of Virginia, Virginia Beach Magistrate's Office" on or about November 29, 2018. Defendant denies that it engaged in any unlawful behavior as alleged in the Plaintiff's Charge of Discrimination.

5. In response to the allegations in Paragraph 5, OES states that the "Right to Sue" letter attached to the Complaint as Exhibit A speaks for itself and denies any and all allegations inconsistent therewith.

6. The allegations in Paragraph 6 are admitted upon information and belief.

7. The allegations of Paragraph 7 are conclusions of law to which no response is required. To the extent a response is required, OES states that venue is proper in this Court.

8. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 8, and this statement has the effect of a denial.

9. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 9, and this statement has the effect of a denial.

10. In response to the allegations in Paragraph 10, Defendant states that, in or around August of 2016, Plaintiff told Tom Cahill that a homeless man had exposed his genitals to her on the boardwalk in Virginia Beach. The remaining allegations in Paragraph 10, particularly in regard to Thomas Cahill's response, are denied. Defendant further states that the allegations in Footnote 1 are conclusions of law to which no response is required. To the extent a response is required, Defendant states that Exhibit B to the Complaint speaks for itself and denies any allegations inconsistent therewith. The remaining allegations in Footnote 1 are denied.

11. In response to the allegations in Paragraph 11, Defendant admits that Plaintiff and Jack Hill attended a state-wide Magistrate Conference at the Newport News Marriott at City Center on November 1-2, 2017. OES lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 11, and this statement has the effect of a denial

12. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 12, and this statement has the effect of a denial.

13. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13, and this statement has the effect of a denial

14. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14, and this statement has the effect of a denial

15. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 15, and this statement has the effect of a denial. Defendant also denies that Plaintiff informed her supervisors of the behavior alleged in Paragraph 15 at any time prior to the termination of her employment on May 2, 2018. OES further denies that it knew or should have known about such allegations.

16. In response to the allegations in Paragraph 16, Defendant denies that "the Magistrates' Supervisors in Richmond" provided alcohol to magistrates attending the conference. Defendant admits that the Newport News Marriott hosted an optional, off-duty reception on the evening of November 1, 2017, following the first day of the conference, and provided each attendee with one ticket for a bottle of beer, glass of wine, or soft drink. Defendant denies that it provided alcohol to magistrates at any officially sponsored event. Defendant lacks sufficient knowledge to admit or deny Magistrate Hill's alleged "public inebriation" or "sexually-based behavior" and this statement has the effect of a denial. Defendant also denies that Plaintiff informed her supervisors of any such alleged conduct prior to the termination of her employment. The remaining allegations of Paragraph 16 are denied.

17. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 17, and this statement has the effect of a denial

18. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 18, and this statement has the effect of a denial.

19. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 19, and this statement has the effect of a denial.

20. In response to the allegations in Paragraph 20, Defendant lacks sufficient knowledge to admit or deny whether the alleged "incident" occurred and thus whether discipline

was necessary or appropriate (and this statement has the effect of a denial). OES further states that no one, including Cahill, reported this alleged incident to any OES supervisors prior to the termination of Plaintiff's employment on May 2, 2018. Defendant further states that Cowell retired effective March 1, 2018.

21. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 21, and this statement has the effect of a denial.

22. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 22, and this statement has the effect of a denial. Defendant further denies that Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about these allegations.

23. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 23, and this statement has the effect of a denial. Defendant further denies that Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about these allegations.

24. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 24, and this statement has the effect of a denial. Defendant further denies that Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about these allegations.

25. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 25, and this statement has the effect of a denial. Defendant further denies that

Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about these allegations.

26. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 26, and this statement has the effect of a denial. Defendant further denies that Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about these allegations.

27. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 27, and this statement has the effect of a denial. Defendant further denies that Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about these allegations.

28. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 28, and this statement has the effect of a denial. Defendant further denies that Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about these allegations.

29. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 29, and this statement has the effect of a denial. Defendant further denies that Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about these allegations.

30. In response to the allegations in Paragraph 30, what Plaintiff allegedly "learned" refers to her state of mind, of which Defendant has no knowledge. Regarding the remaining allegations of Paragraph 30, OES states that police officers are permitted to use audio or video recording devices to record hearings and other activities taking place within a magistrate's office, consistent with OES's written Recording Device Policy.

31. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 31, and this statement has the effect of a denial. Defendant further denies that Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about her allegations.

32. In response to the allegations in Paragraph 32, OES states that Tom Cahill counseled Plaintiff for misconduct on January 19, 2018. Earlier that month, the Magistrate's Office had received an anonymous complaint about Plaintiff, which included a picture of her in a Christmas-themed Santa Claus outfit while at work. An investigation into this incident also led Plaintiff's supervisors to discover that she had used white-out to cover the Muslim holidays on one or more of the newly purchased 2018 calendars (which are prominently posted in every office, in clear view of law enforcement and citizens who come into the offices). Plaintiff was verbally counseled for wearing the Santa Claus outfit, but, after admitting to altering the calendars "as a joke," was also later given a written Reprimand and Notice of Suspension (16 hours without pay) for the white-out incident. During his counseling discussion with the Plaintiff on January 19, 2018, Tom Cahill referenced the anonymously-sent photograph of Plaintiff wearing the Santa Claus outfit while at work. In response, Plaintiff indicated her dislike for police officers being able to photograph her in the magistrate's office. Tom Cahill then

reminded the Plaintiff that police officers were permitted to use audio or video recording devices to record hearings and other activity of any magistrate within their office, consistent with OES's written Recording Device Policy. OES denies that Plaintiff said anything to Tom Cahill about police officers transmitting pictures of her with suggestive, sex-related captions. Defendant further denies all remaining allegations in Paragraph 32.

33. In response to the allegations of Paragraph 33, Defendant hereby reasserts, and incorporates by this reference, its response to Paragraph 32, supra. OES also denies that Plaintiff later brought to Tom Cahill's attention that police officers continued to take pictures of her with suggestive messages attached. The allegations in Footnote 2 are conclusions of law to which no response is required. To the extent a response is required, Defendant admits that OES does not employ any police officers. The remaining allegations in Footnote 2, and Paragraph 33, are denied.

34. In response to the allegations in Paragraph 34, Defendant denies that Plaintiff informed her supervisors of her allegations at any time prior to the termination of her employment on May 2, 2018. OES further denies that it knew or should have known about these allegations. Defendant cannot admit or deny the allegations pertaining to Plaintiff's state of mind. OES denies all remaining allegations in Paragraph 34.

35. In response to the allegations contained in Paragraph 35, Defendant states that the termination of Plaintiff's employment on May 2, 2018 was lawful and appropriate. Defendant cannot admit or deny the allegations pertaining to Plaintiff's state of mind. Defendant denies all remaining allegations in Paragraph 35.

36. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 36, and this statement has the effect of a denial.

37. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 37, and this statement has the effect of a denial.

38. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 38, and this statement has the effect of a denial.

39. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 39, and this statement has the effect of a denial.

40. Defendant lacks sufficient information to admit or deny the allegations pertaining to Plaintiff's emotional state. Defendant states, upon information and belief, that Plaintiff used profanity during more than one encounter with law enforcement in the early morning hours of Saturday, April 21, 2018. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 40, and this statement has the effect of a denial.

41. In response to the allegations in Paragraph 41, Defendant admits, upon information and belief, that Cahill consumed alcohol both in her own home and outside her home on the night in question. Defendant admits that Cahill was not scheduled to work on Saturday, April 21, 2018.

42. In response to the allegations in Paragraph 42, Defendant admits that Plaintiff met with Mr. Batliner and Tom Cahill on May 2, 2018, and that she was informed at that time that her employment would be terminated, unless, in lieu of termination, she chose to resign. Defendant denies all remaining allegations in Paragraph 42.

43. In response to the allegations in Paragraph 43, Defendant denies that Plaintiff's employment was terminated based on a 911 call from her apartment on April 21, 2018, or based on her report to Virginia Beach police officers who responded to that 911 call. Defendant also denies that Plaintiff was told her employment was terminated based on the 911 call from her

apartment. Defendant also states that Plaintiff's Complaint omits several salient details about the events that occurred in the early morning of April 21, 2018, including a separate 911 call by Plaintiff and subsequent interaction with law enforcement that occurred approximately two hours before the 911 call from her apartment described in the Complaint. Police responded to the first call at the Hot Tuna Restaurant in Virginia Beach at approximately 2:05 a.m., after Plaintiff claimed her phone had been stolen. The officer who responded to the first 911 call described Plaintiff as highly intoxicated with slurred speech, and stated that Plaintiff used profanity during the encounter. Defendant further states that Plaintiff was subject to the Canons of Conduct for Virginia Magistrates at all times during her employment. Plaintiff was terminated from employment on May 2, 2018 based on Plaintiff's unprofessional conduct while off-duty and out in public on the evening of April 20, 2018 through the early morning of April 21, 2018 – as well as earlier incidents for which she previously had been counseled - all of which violated the Canons of Conduct. During the meeting on May 2, 2018, Cahill was provided a letter, dated that same day, summarizing the reasons for the termination of her employment. By way of illustration, but not limitation, the letter of May 2, 2018 stated that "[t]he Canons of Conduct for Virginia Magistrates require magistrates to respect and comply with the law at all times. See Canon 2. According to a variety of witnesses, you were intoxicated in public. A police officer described you as 'highly intoxicated' with very slurred speech and an odor of alcohol. The officer further stated that after identifying yourself as a magistrate you yelled profanity at another magistrate in public. When questioned by your supervisors after the incident, you admitted that you were 'drunk.'" Defendant denies all remaining allegations contained in paragraph 43 of the Complaint.

44. In response to the allegations in Paragraph 44, Defendant states that the termination of the Plaintiff's employment was lawful and appropriate and denies that the reasons provided in the above-mentioned letter on May 2, 2018 were pretextual. Defendant denies all remaining allegations in Paragraph 44.

45. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 45 related to Ms. Tsai, and this statement has the effect of a denial. Defendant further denies that Plaintiff informed her supervisors of these allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about these allegations. Any remaining allegations of Paragraph 45 are denied.

46. In response to the allegations in Paragraph 46, Defendant lacks sufficient knowledge to admit or deny whether the alleged incident involving Ms. Tsai occurred and thus whether any discipline was necessary or appropriate (and this statement has the effect of a denial). OES further states that no one, including Cahill, reported this alleged incident to any OES supervisors prior to the termination of Plaintiff's employment on May 2, 2018. Any remaining allegations of Paragraph 46 are denied.

47. In response to the allegations in Paragraph 47, Defendant lacks sufficient knowledge to admit or deny whether the alleged incident involving Magistrate Miller occurred and thus whether any discipline was necessary or appropriate (and this statement has the effect of a denial). OES further states that no one, including Cahill, reported this alleged incident to any OES supervisors prior to the termination of Plaintiff's employment on May 2, 2018. Any remaining allegations of Paragraph 47 are denied.

48. In response to the allegations in Paragraph 48, Defendant lacks sufficient knowledge to admit or deny whether the alleged incident involving Magistrate Kellam (or any

other magistrate) occurred and thus whether any discipline was necessary or appropriate (and this statement has the effect of a denial). OES further states that no one, including Cahill, reported this alleged incident to any OES supervisors prior to the termination of Plaintiff's employment on May 2, 2018. Any remaining allegations of Paragraph 48 are denied.

49. In response to the allegations in Paragraph 49, Defendant lacks sufficient knowledge to admit or deny whether the alleged language was used by Magistrate Harris (or any other magistrate) and thus whether any discipline was necessary or appropriate - and this statement has the effect of a denial. OES further states that no one, including Cahill, reported this alleged language to any OES supervisors prior to the termination of Plaintiff's employment on May 2, 2018. Any remaining allegations of Paragraph 49 are denied.

50. In response to the allegations in Paragraph 50, Defendant lacks sufficient knowledge to admit or deny whether the alleged incident involving then-Magistrate Lockhart occurred and thus whether any discipline was necessary or appropriate (and this statement has the effect of a denial). OES further states that no one, including Cahill, reported this alleged incident to any OES supervisors prior to the termination of Plaintiff's employment on May 2, 2018. Any remaining allegations of Paragraph 50 are denied.

51. In response to the allegations in Paragraph 51, Defendant lacks sufficient knowledge to admit or deny whether the alleged incident involving then-Magistrate Lockhart occurred and thus whether any discipline was necessary or appropriate (and this statement has the effect of a denial). OES further states that no one, including Cahill, reported this alleged incident to any OES supervisors prior to the termination of Plaintiff's employment on May 2, 2018. Any remaining allegations of Paragraph 51 are denied.

52. In response to the allegations in Paragraph 52, Defendant states it was aware of certain allegations involving former Magistrate Donellan made in approximately May or June of 2016. Defendant further admits that a record of the investigation of these allegations exists. Defendant denies that such allegations were "hidden" from "supervisors in Richmond" and further states that all allegations were investigated and appropriate action taken. Defendant states that Ms. Donellan's employment as a magistrate ended on August 5, 2016, shortly after the start of Plaintiff's employment. Defendant denies all remaining allegations in Paragraph 52.

53. In response to the allegations in Paragraph 53, Defendant admits that Plaintiff's employment was terminated on May 2, 2018. Defendant denies all remaining allegations in Paragraph 53. Defendant further denies that Plaintiff was the only Magistrate who faced discipline for unprofessional conduct. Defendant states that Magistrate Jeremy Miller's employment ended on May 2, 2018, the same day as Plaintiff was terminated.

54. In response to the allegations in Paragraph 54, Defendant admits that Plaintiff's employment was terminated on May 2, 2018. Defendant denies all remaining allegations in Paragraph 54. Defendant further denies that Plaintiff was the only Magistrate who faced discipline for unprofessional conduct. Defendant states that Magistrate Jeremy Miller's employment ended on May 2, 2018, the same day as Plaintiff was terminated.

55. In response to the allegations in Paragraph 55, Defendant states that the reasons for Plaintiff's termination are summarized in the letter provided to her on May 2, 2018 by Mr. Batliner. Defendant denies all remaining allegations in Paragraph 55.

56. In response to the allegations in Paragraph 56, Defendant incorporates by reference its responses to Paragraphs 1 through 55.

57. Paragraph 57 contains a conclusion of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff experienced a sexually-hostile working environment or is entitled to any relief on the basis of the Complaint.

58. In response to the allegations in Paragraph 58, Defendant incorporates by reference its previous responses. Defendant cannot admit or deny the allegations pertaining to Plaintiff's state of mind. To the extent Plaintiff is alleging misconduct by Mr. Cahill, such allegations are denied. Defendant denies all remaining allegations in Paragraph 58.

59. In response to the allegations in Paragraph 59, Defendant denies that Plaintiff was subject to "open and obvious" harassment based on her sex or gender. Defendant further denies that Plaintiff informed her supervisors of her allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about her allegations.

60. Paragraph 60 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief on the basis of the Complaint. Defendant denies that Plaintiff was subject to a hostile work environment, denies that Plaintiff informed her supervisors of her allegations at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about her allegations. Defendant denies all remaining allegations in Paragraph 60.

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff was subjected to any harassment based on her or sex or gender or is entitled to any relief on the basis of the Complaint. Defendant further denies that Plaintiff was subject to a hostile work environment, denies that Plaintiff informed her supervisors of her allegations at any time prior to the termination of her

employment on May 2, 2018, and denies that OES otherwise knew or should have known about her allegations. Defendant denies all remaining allegations in Paragraph 61.

62. In response to the allegations in Paragraph 62, Defendant incorporates by reference its responses to Paragraphs 1 through 61.

63. Paragraph 63 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff was retaliated against or is entitled to any relief on the basis of the Complaint.

64. In response to the allegations in Paragraph 64, Defendant denies that Plaintiff informed her supervisors of her allegations of sexual harassment at any time prior to the termination of her employment on May 2, 2018, and denies that OES otherwise knew or should have known about her allegations. Defendant denies all remaining allegations in Paragraph 64.

65. In response to the allegations in Paragraph 65, Defendant admits that Plaintiff was terminated on May 2, 2018. Defendant denies all remaining allegations in Paragraph 65.

66. Paragraph 66 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief on the basis of the Complaint. Defendant denies all remaining allegations in Paragraph 66.

67. In response to the allegations in Paragraph 67, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the damages claimed in Paragraph 67.

68. In response to the allegations in Paragraph 68, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the damages claimed in Paragraph 68.

69. In response to the allegations in Paragraph 69, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the damages claimed in Paragraph 69.

70. In response to the allegations in Paragraph 70, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the damages claimed in Paragraph 70.

71. In response to the allegations in Paragraph 71, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the damages claimed in Paragraph 71.

72. In response to the allegations in Paragraph 72, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the damages claimed in Paragraph 72.

73. In response to the allegations in Paragraph 73, Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the damages claimed in Paragraph 73.

Defendant denies each and every allegation in the Complaint not specifically admitted herein and states that the Plaintiff is not entitled to the relief requested or to any other relief.

**DEFENSES**

Defendant states that it did not deny Plaintiff any rights protected by the Constitution of the United States, the United States Code, or any other federal or state statute. In support, Defendant states:

1. Plaintiff's Complaint fails to state a claim for which relief may be granted under Title VII of the Civil Rights Act of 42 U.S.C. §§2000e(1) – 2000(e)(17), or any other federal law or state statute.

2. Those alleged acts or practices of Defendant that may have occurred more than 300 days prior to the filing of a charge with the EEOC are barred by the statute of limitations.

3. Plaintiff has failed to properly exhaust her administrative remedies.

4. Defendant's employment actions with respect to the Plaintiff were lawful and appropriate and were not taken with any unlawful animus or based on any type of discriminatory or retaliatory conduct.

5. Count I of the Amended Complaint fails to set forth a cognizable claim of hostile work environment under Title VII, *e.g.*:

    a. Plaintiff failed to adequately report some or all instances of harassment, animus or hostility to her superiors (whether based on gender or retaliation) in accordance with Defendant's anti-harassment policy. Defendant is therefore entitled to assert a *Faragher/Ellerth* defense.

    b. Defendant took effective action to those allegations of harassment made by Plaintiff of which Defendant had actual or constructive knowledge.

6. Count II of the Complaint fails to set forth a cognizable claim of retaliatory firing. Defendant acted in good faith in meeting its legal duties and obligations and acted in furtherance of legitimate business interests. All standards and criteria used by Defendant in its termination decisions were and are job related and consistent with business necessity, and not unlawful or pretextual.

7. Defendant did not retaliate against the Plaintiff due to her filing complaints, testimony, civil rights activity, or any other protected conduct or opposition to employment practices.

8. Defendant denies that the Plaintiff has suffered any cognizable injury, or damages as a result of any actions or omissions on the part of the Defendant.

9. Plaintiff failed, in whole or in part, to mitigate her damages.

10. Plaintiff is not entitled to any relief demanded, whether back pay, compensatory damages, punitive damages, liquidated damages, interest, attorney's fees, or any other relief as they may claim. .

11. Plaintiff's claims are barred, in whole or in part, by laches.

12. Defendant reserves the right to assert all applicable defenses, to the extent such defenses may be supported by further investigation, discovery, or evidence presented at the trial of this matter.

WHEREFORE, having fully responded to the Complaint filed against it, Defendant prays that this action be dismissed *with prejudice* and it be awarded costs and other such relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ *Kati Kitts Dean*
Kati K. Dean (VSB No. 86361)
Assistant Attorney General
Ronald N. Regnery (VSB No. 37453)
Senior Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-4975
Telephone: (804) 786-1109
Facsimile: (804) 371-2087
Email: KDean@oag.state.va.us
Email: RRegnery3@oag.state.va.us
*Counsel of Record for Defendant OES*

Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

Marshall H. Ross
Senior Assistant Attorney General/Acting Trial Section Chief

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of November, 2019, the foregoing Answer and Grounds of Defense to Complaint was delivered through the CM/ECF system to be forwarded electronically to:

>Michael L. Donner, Sr., Esq. (VSB No. 40958)
>SETLIFF LAW, P.C.
>4940 Dominion Boulevard
>Glen Allen, VA 23060
>Telephone: (804) 377-1260
>Facsimile: (804) 377-1280
>mdonner@setlifflaw.com
>*Counsel for Plaintiff Karly R. Cahill*

>　　　/s/ *Kati Kitts Dean*
>Kati K. Dean (VSB No. 86361)
>Assistant Attorney General
>Ronald N. Regnery (VSB No. 37453)
>Senior Assistant Attorney General
>Office of the Attorney General
>202 North 9th Street
>Richmond, Virginia 23219
>Telephone:  (804) 786-4975
>Telephone:  (804) 786-1109
>Facsimile:   (804) 371-2087
>Email:  KDean@oag.state.va.us
>Email:  RRegnery3@oag.state.va.us
>*Counsel for Defendant OES*